UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD WILLIAMS, individually and on behalf of all other persons similarly situated,** | **CIVIL ACTION**<br><br>**NO. 16-251-SDD-RLB** |
| **VERSUS** | |
| **MARILYN M. LAMBERT, in her official capacity as Judge of Ascension Parish Court, ET AL.** | |

## ORDER

Before the Court is Plaintiff's Motion for Expedited Discovery (R. Doc. 5) filed on April 19, 2016, the day this action was commenced. Plaintiff served the Complaint on the defendants after filing the instant motion. (*See* R. Docs. 8, 9, 10, 11).

Also before the Court are motions for extensions of the deadline to respond to Plaintiff's motion for expedited discovery filed by defendants Bridget Hanna (R. Doc. 16) and Sherman Jackson (R. Doc. 25).

Plaintiff's Class Action Complaint alleges that the defendants are engaged in a "financial arrangement that requires the Ascension Parish Judge to collect a Conviction Fee each time she convicts a defendant or accepts a guilty plea," which incentivizes the Parish Judge, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, to find criminal defendants to be guilty. (R. Doc. 1 at 1-2). Plaintiff has moved for a preliminary injunction, arguing, among other things, that "Plaintiff and other members of the putative class will suffer irreparable harm through the inherent injury in being forced to undergo biased criminal proceedings that violate due process requirements." (R. Doc. 3 at 2).

Plaintiff's instant motion for expedited discovery seeks an order allowing Plaintiff to conduct a Rule 30(b)(6) deposition "of the Ascension Parish Court on the topic of the Court's budget, revenue, finances, and expenditures." (R. Doc. 5 at 1). Plaintiff argues that this requested pre-service discovery is "required because men and women regularly are convicted of criminal charges by the Parish Judge, and an injunction is necessary to ensure that convictions going forward are free of financial bias." (R. Doc. 5-1 at 1).

While parties generally cannot conduct discovery, including depositions, prior to holding a Rule 26(f) conference, the Court may order such discovery to occur. *See* Fed. R. Civ. P. 26(d)(1); *see also* Fed. R. Civ. P. 30(a)(2)(A)(iii) ("A party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the party seeks to take the deposition before the time specified in Rule 26(d). . . ."). To obtain leave to conduct discovery prior to a Rule 26(f) conference, the moving party must demonstrate good cause by establishing that the administration of justice outweighs the prejudice to the responding party. *See Energy Prod. Corp. v. Northfield Ins. Co.*, No. 10-0933, 2010 WL 3184232, at *3 (E.D. La. Aug. 6, 2010) (denying discovery prior to Rule 26(f) conference where good cause standard not satisfied); *see also St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 241 (S.D. Tex. 2011) (same).

Here, Plaintiff has not demonstrated good cause for discovery to be conducted prior to a Rule 26(f) conference. Foremost, Plaintiff filed the instant motion, and sought the relief requested in the motion, prior to service of the Complaint on any of the named defendants. The defendants would be unduly prejudiced by allowing such discovery to be conducted prior to their knowledge of the lawsuit, much less an opportunity to oppose the relief requested. Furthermore, Plaintiff seeks expedited discovery for the sole purpose of gathering information in support of his

motion for an anticipated hearing on Plaintiff's motion for preliminary injunctive relief. Plaintiff has not demonstrated, through the instant motion, that he would suffer any irreparable harm should the Court not allow him to proceed the requested deposition.[1]

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Expedited Discovery (R. Doc. 5) is **DENIED.**

**IT IS FURTHER ORDERED** that defendant Bridge Hanna's motion for extension of time to respond (R. Doc. 16) and defendant Sherman Jackson's motion for extension of time to respond (R. Doc. 25) are **DENIED as moot**.

Signed in Baton Rouge, Louisiana, on May 18, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] This Order in no way rules upon the pending Motion to Certify Class (R. Doc. 2) and Motion for Preliminary Injunction (R. Doc. 3) pending before the district judge.